**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **ANDRE FRAGHER,** | : | |
| **Petitioner,** | : | |
| **v.** | : | **No. 5:26-cv-000367-MTT-AGH** |
| **WASHINGTON COUNTY STATE COURT SANDERSVILLE, *et al.*,** | : | |
| **Respondents.** | : | |

**ORDER**

*Pro se* Petitioner Andre Fragher filed a pleading which was docketed as a petition for habeas corpus relief. ECF No. 1. However, it was unclear from his pleading whether he intended for his civil action to be a habeas petition or a civil rights complaint under 42 U.S.C. § 1983. Therefore, on August 27, 2026, Petitioner was ordered to recast his complaint. ECF No. 5. Petitioner was further ordered to pay the filing fee for the type of civil action he intended to pursue or if indigent, file a motion to proceed *in forma pauperis*. *Id*. Petitioner was given fourteen (14) days to comply with the Court's Order and was informed that failure to do so could result in dismissal of this action. *Id*. *Id*. The Court's Order was mailed to Petitioner's previous place of incarceration at Gwinnett County Prison. The Court later determined that Petitioner was no longer at Gwinnett County Prison but was instead incarcerated at Wilcox State Prison. Therefore, on September 9, 2026, the Court remailed its Order to Petitioner at Wilcox State Prison and allotted additional time for Petitioner to comply with the Court's Order. Petitioner did not

respond to the Court's Order.

Therefore, on October 22, 2026, the Court notified Petitioner that he failed to respond to an Order of the Court. ECF No. 7. Petitioner was ordered to show cause why this action should not be dismissed for failure to comply with the Court's order. *Id*. The Court informed Petitioner that this action would be dismissed if he failed to respond or otherwise fully and timely comply with the Court's Orders. *Id*. Petitioner was given fourteen (14) days to respond and he failed to do so.

Due to Petitioner's failure to follow the Court's orders and failure to prosecute this action, the case is hereby **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (first citing Fed. R. Civ. P. 41(b); then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order."); *Duong Thanh Ho v. Costello*, 757 F. App'x 912 (11th Cir. 2018) (holding that the district court did not abuse its discretion in *sua sponte* dismissing without prejudice prisoner's *pro se* complaint for failure to comply with court order to file amended complaint where order expressly informed prisoner of deficiencies in his complaint and rules that he needed to follow in filing amended complaint).

**SO ORDERED,** this 19th day of November, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT